UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PNY TECHNOLOGIES, INC. | Civil Action No. 18-7932 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| NETAC TECHNOLOGY CO., LTD., | |
| Defendant. | |

**CHESLER, District Judge**

This matter has come before the Court on the motion to dismiss counts six through nine of the Amended Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), by Defendant Netac Technology Co., Ltd. ("Netac"). Plaintiff PNY Technologies, Inc. ("PNY") has opposed the motion. For the reasons that follow, the motion will be granted.

The Amended Complaint, when filed, had asserted nine counts, but previous decisions resolved the first five counts. The claims that remain are: 6) declaratory judgment of patent invalidity of the '024 patent; 7) declaratory judgment that the '024 patent is unenforceable due to inequitable conduct; 8) declaratory judgment of patent invalidity of the '585 patent; and 9) declaratory judgment that the '585 patent is unenforceable due to inequitable conduct. Thus, the claims at issue on this motion are the claims seeking a declaration that the '024 and '585 patents are invalid and unenforceable.

Netac now moves to dismiss claims six through nine in the Amended Complaint on the

1

ground that this Court lacks subject matter jurisdiction, on account of a covenant Netac has just given to PNY. Netac contends that it has given PNY an unconditional covenant not to pursue additional royalties on these patents. Netac argues that this covenant divests this Court of subject matter jurisdiction over claims six through nine because there is no longer any case or controversy over them.

In opposition, PNY argues that the covenant is deficient and lacks the characteristics needed to entirely eliminate any case or controversy over the claims at issue on this motion. PNY first quotes the Federal Circuit's decision in ArcelorMittal:

> Although a patentee's grant of a covenant not to sue a potential infringer can sometimes deprive a court of subject matter jurisdiction, the patentee bears the formidable burden of showing it could not reasonably be expected to resume its enforcement efforts against the covenanted, accused infringer. In this context, that requires ArcelorMittal to show that it actually granted a covenant not to sue to Defendants, and that the covenant enforceably extinguished any real controversy between the parties related to infringement of the RE'153 patent.

ArcelorMittal v. AK Steel Corp., 856 F.3d 1365, 1370 (Fed. Cir. 2017) (citations omitted). PNY then argues that the covenant fails to meet the requirements set forth in the Supreme Court's decision in Already, LLC v. Nike, Inc., 568 U.S. 85, 97 (2013). PNY has, however, misread Nike, which did not set make new law about the factors courts must weigh in situations like this one; rather, in Nike, the Supreme Court applied existing law:

> our cases have explained that a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.

Id. at 91 (citation omitted). Thus, as to the issue presently before this Court, Nike and ArcelorMittal apply the same standard.

The decision on the present motion, then, turns on the question of whether Netac has satisfied its burden "of showing that it could not reasonably be expected to resume its

2

enforcement efforts against the covenanted, accused infringer." ArcelorMittal, 856 F.3d at 1370. This Court concludes that Netac has met this burden. Claims six through nine of the Amended Complaint all state that the claim arises in the context of Netac's claim of entitlement to collect royalties under the Settlement Agreement. The covenant states that Netac unconditionally forgoes any royalties under the Settlement Agreement for PCBA flash drives made, used, or sold on or after January 1, 2017. Netac contends that the dispute over the royalties for the period prior to January 1, 2017 has been resolved by this Court's prior judgment (Docket Entry No. 201 in Civil Action No. 13-6799). As a result, there are no remaining claims to collect royalties under the Settlement Agreement for the '024 and '585 patents. Nor, given the covenant, are there any possible future claims to collect royalties under the Settlement Agreement for the '024 and '585 patents. Netac has shown that it could not reasonably be expected to resume its enforcement efforts against PNY with regard to these patents. As to claims six through nine of the Amended Complaint, there is no longer any case or controversy between the parties. The motion to dismiss will be granted, and counts six through nine of the Amended Complaint will be dismissed for lack of subject matter jurisdiction.

                                s/ Stanley R. Chesler
                                Stanley R. Chesler, U.S.D.J

Dated: September 27, 2019